# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DUANE WOULLARD,**

    **Plaintiff,**

vs.                                        Case No. 4:23-cv-00468-MW-MAF

**NURSE BRANCH,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Duane Woullard, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights case under 42 U.S.C. § 1983. ECF No. 1. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff is no stranger to the federal courts and failed to truthfully disclose his litigation history. As explained below, this case should be dismissed.

**I.  Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a

claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II. Plaintiff's Complaint, ECF No. 1.

The complaint is on the wrong form. Plaintiff used the 2016 complaint form. However, the form was revised in 2022. *Pro se* litigants are required to use the proper form. See N.D. Fla. Loc. R. 5.7(A). Plaintiff sued five prison officials employed at Jefferson Correctional Institution: Nurse Branch; Nafina Langley, the health services administrator; Dr. A. Acosta-Martinez;

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

S. Ponder, the assistant warden; and T. Mills, the warden. ECF No. 1, pp. 1-4. Plaintiff's complaint is no model of clarity; and the facts of the complaint are scant.

As best can be determined, Plaintiff claims in April 2023 he submitted hemoccult cards for lab testing, which were ultimately discarded by Nurse Branch. Id., pp. 6-8. Plaintiff claims the disposal of his lab work was unlawful and constituted deliberate indifference to a serious medical need. Id. Plaintiff alleges Nurse Branch threw his lab work away because he placed them in the wrong medical box. Id., p. 6.

In May 2023, Plaintiff experienced rectal bleeding and diarrhea and submitted sick call requests to Nurse Branch "to no avail." Id., p. 7. Plaintiff claims to suffer "great pain and discomfort." Id., p. 9. Plaintiff claims medical staff does not have the legal authority to throw away his lab screenings. Id. Plaintiff does not provide any factual account that attributes any act or omission to any of the other named defendants. Id., pp. 6-11. Plaintiff also alleges medical malpractice and negligence. Id., p. 10.

Plaintiff seeks declaratory relief and injunctive relief in the form of a medical examination by a qualified physician and the treatment directed by that physician. Id., p. 14. Plaintiff does not indicate what type of medical care he requires. Plaintiff also seeks compensatory damages in the amount of

$100,000 to be paid jointly and severally among the defendants. Id. Plaintiff seeks $50,000 each in punitive damages against Branch, Langley, Acosta-Martinez; and $30,00 each against Mills and Ponder. Id., p. 15.

Aside from being on the wrong form, overall, the complaint is an impermissible shotgun pleading. Normally, the Court would permit a *pro se* plaintiff an opportunity to amend before recommending dismissal. However, this Court will not follow that trend because Plaintiff did not truthfully disclose his federal litigation history and knew he was required to do so.

### III. Plaintiff's Failure to Identify His Previous Federal Lawsuits Amounts to an Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1. In Sections VIII(A) and (C), Plaintiff is required to identify his cases in federal court which count as a "strike" under the Prison Litigation Reform Act and any cases filed in state or federal court challenging his conviction or relating to the conditions of confinement. Id., pp. 16-19.

Question A asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike[]?"

Id., p. 17. Plaintiff did not check "yes" or "no" but listed two cases: N.D. Fla. No. 5:22-cv-166 and N.D. Fla. No. 5:23-cv-171. Id. One is "strike"; the other is not. Significantly, the Court dismissed N.D. Fla. No. 5:23-cv-171 because Plaintiff failed to truthfully disclose his litigation history. Plaintiff is well-aware of his obligation. Plaintiff failed to disclose another "strike," namely, N.D. Fla. No. 5:96-cv-00364-RH, Woullard v. Singletary, et al, which was dismissed as frivolous. The age of the case does not exempt Plaintiff from disclosure. One's federal litigation history is easily available using PACER.gov.

Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Id., p. 18. Plaintiff answered, "No." Id. Not so. Plaintiff filed at least eight actions pursuant to 28 U.S.C. § 2254 challenging his various state convictions between 1996 and 2020. Plaintiff used several variations of his name over the past several decades including: "Dexter D. Woullard," "Dexter Wayne Woullard," and "Duane Dexter Woullard." Nonetheless, Plaintiff's prison number 072248 is the positive identifier. The Court will not list the cases Plaintiff failed to disclose because it is Plaintiff's responsibility to do so. The complaint form warns ". . . **Failure to disclose all prior cases may result in the dismissal of this case**." ECF No. 1, p. 19. Plaintiff knew that accurate disclosure of his litigation history is required;

and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. It happened in Plaintiff's most recent case, N.D. Fla. No. 5:23-cv-171 just a few months ago. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Case No. 4:23-cv-00468-MW-MAF

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).