IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DUANE WOULLARD,

    *Plaintiff*,

v.                                          Case No.: 4:23cv468-MW/MAF

NURSE BRANCH, *et al.*,

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 5, and has also reviewed *de novo* Plaintiff's objections, ECF No. 9.

Plaintiff raises several objections, but none help his claim. First, Plaintiff claims that his failure to accurately disclose his past litigation history was "an honest mistake." The record, as the Magistrate Judge thoroughly explains, belies this claim. When asked to disclose whether any of his previous lawsuits had been dismissed as a strike under section 1915(g), Plaintiff listed only two cases—omitting his strike in N.D. Fla. Case No. 5:96cv364-RH. Plaintiff should have known about his obligation to disclose his litigation history because one of his lawsuits was dismissed for that exact reason *just three months ago*. *See Woullard v. Romano*, Case No. 5:23cv171-TKW/MJ (N.D. Fla. Aug. 14, 2023). Further, Plaintiff checked "no" on the section

of the form complaint asking if he had filed lawsuits challenging his conviction, yet he had filed at least eight such lawsuits between 1996 and 2020. In short, no part of Plaintiff's omissions could fairly be described as "honest."

Second, Plaintiff claims that he had no access to PACER and that he has lost all of his legal documents, so his failure to fully disclose his litigation history is justifiable. Theis excuse, however, does little to explain how Plaintiff could have forgotten to disclose cases that he had disclosed just months prior. Further, Plaintiff did not qualify his answers to the questions on the form complaint—he simply listed two cases as previous strikes and checked "no" in response to whether he had previously challenged his conviction. *See* ECF No. 1 at 17–18.

Finally, Plaintiff claims that this Court must give him leave to amend his complaint under 28 U.S.C. § 1915. *See* ECF No. 9 at 2 (citing *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002)). That may be true if this Court were dismissing Plaintiff's case pursuant to section 1915(e)(2)(B)(ii)—but that's not why this Court is dismissing Plaintiff's case. This Court is dismissing Plaintiff's case pursuant to section 1915(e)(2)(B)(i) as malicious. There is no requirement that Plaintiff be given an opportunity to amend his complaint prior to dismissal pursuant to section 1915(e)(2)(B)(i). And this Court declines to exercise its discretion to afford Plaintiff an opportunity to amend his complaint to accurately disclose his litigation history where, as discussed above, he has affirmatively misrepresented this history.

Allowing a plaintiff to amend under these circumstances would invite other litigants to misrepresent their litigation histories in an attempt to avoid section 1915(g)'s three-strikes provision in hopes that, if caught, they can just amend the complaint. This Court declines to permit such a result. Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 5, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury."

3. The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

4. The Clerk shall close the file.

**SO ORDERED on November 28, 2023.**

s/Mark E. Walker<br>
**Chief United States District Judge**